Sterling A. Brennan (California SBN126019
 E-Mail:  sbrennan@mabr.com
Robert T. Stewart
 E-Mail: rstewart@mabr.com
MASCHOFF BRENNAN
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone: (949) 202-1900
Facsimile: (949) 453-1104

David R. Wright (*Pro Hac Vice*)
 E-Mail:  dwright@mabr.com
Maren Laurence (*Pro Hac Vice*)
 E-Mail: mlaurence@mabr.com
MASCHOFF BRENNAN
111 South Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 297-1850
Facsimile: (435) 252-1631

Attorneys for Plaintiff ESC-Toy Ltd.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESC-TOY LTD., a Nevada corporation,<br><br>       Plaintiff,<br><br>  v.<br><br>INSOMNIAC GAMES, INC., a California corporation,<br><br>       Defendant. | Case No. 2:21-CV-02139-JVS-GJS<br><br>**PLAINTIFF ESC-TOY LTD.'S APPLICATION TO FILE UNDER SEAL FURTHER PORTIONS OF ITS OPPOSITION TO THE MOTION TO DISMISS AND OPPOSITION TO THE MOTION FOR COSTS**<br><br>District Judge: Hon. James V. Selna |

1  Pursuant to Local Rule 79-5 of the Local Rules of the Central District of
2  California, Plaintiff ESC-Toy Ltd. ("ESC") hereby moves for leave to file further
3  portions of its Oppositions to the Motion to Dismiss and Motion for Costs under Rule
4  41(d) under seal.

## INTRODUCTION

6  On June 22, 2021, the Court granted ESC's Application to File Under Seal
7  Portions of its Opposition to Motion to Dismiss and Opposition to Motion for Costs
8  under Rule 41(d) (ECF No. 62) (collectively, the "Oppositions") and filed ESC's
9  redacted version of the Oppositions as the publicly viewable version. (ECF No. 59.)
10  Thereafter, Defendant Insomniac Games, Inc. ("Insomniac") told ESC that
11  additional unredacted portions of the Oppositions discuss information that Insomniac
12  views as confidential, and ESC does not disagree with Insomniac's view. (Declaration of
13  Robert Stewart ¶ 4.) Accordingly, ESC hereby moves to file certain further portions of its
14  Oppositions under seal. The additional redactions are set forth in the Declaration of
15  Robert Stewart. (Declaration of Robert Stewart ¶ 4, Exhibit A and Exhibit B.)

## MEMORANDUM OF POINTS AND AUTHORITIES

17  In the Ninth Circuit, there is a strong presumption in favor of public access to court
18  records, which is grounded in the common law right "to inspect and copy public records
19  and documents, including judicial records and documents." *Wolf v. Hewlett Packard Co.,*
20  2016 WL 9173452, at *1 (C.D. Cal. June 23, 2016) (citation omitted). To overcome this
21  presumption, "[a] party seeking to seal a judicial record … must articulate compelling
22  reasons supported by specific factual findings that outweigh the general history of access
23  and the public policies favoring disclosure, such as the public interest in understanding
24  the judicial process." *Id.* (citations omitted); *see also Kamakana v. City & County of*
25  *Honolulu*, 447 F.3d 1172, 1178-80 (9th Cir. 2006) (quoting *Foltz v. State Farm Mutual*
26  *Auto Ins. Co.,* 331 F.3d 1122, 1136 (9th Cir. 2003)). Any limitation on the right to public
27  access must be "narrowly tailored to serve that interest." *Prime Healthcare Centinela,*
28

*LLC v. Kimberly-Clark Corp.*, 2016 WL 7177531, at *1 (C.D. Cal. Mar. 24, 2016) (citations omitted).

Courts in the Ninth Circuit have granted motions to seal under the compelling reasons standard to the extent that disclosure may harm the party's competitive standing and divulges terms of confidential contracts. *See FTC v. Qualcomm Inc.*, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) ("Thus, to the extent that the instant motion seeks to seal information that, if published, may harm Qualcomm's or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets, the Court agrees with the parties that compelling reasons exist to seal this information."); *see also X One, Inc. v. Uber Techs., Inc.*, 2020 WL 718310, at *2 (N.D. Cal. Feb. 12, 2020) (granting motion to seal under the compelling reasons standard where the party moves to seal information identifying the party's licensors pursuant to confidential license agreements and where the parties' request is narrowly tailored because the requested sealing includes only those categories of information).

Here, the material that is subject to the requested sealing is discussions and quoted excerpts within the Motion to Dismiss Opposition and Rule 41(d) Opposition concerning the terms of the two confidential contracts between the parties: namely, the Product Procurement Agreement and the Fulfillment Agreement. The material that ESC now seeks to file under seal is similar to material that the Court has previously ordered sealed. *See* ECF Nos. 15, 27, 38, 53. Further, Insomniac filed an application to seal portions of its motion to dismiss and motion for costs under Rule 41(d) in order to redact confidential information concerning the contracts, which the Court granted. *See* ECF No. 34 and 49.

The two contracts contain negotiated confidentiality provisions that prohibit the disclosure of contract terms. *See* Declaration of Robert Stewart ¶ 3. Moreover, Insomniac has previously contended that it generally does not disclose the terms of its contracts or its contract negotiations. *Id.* The two contracts concern the licensing of certain Insomniac intellectual property to ESC for merchandise. *Id.* The public disclosure of the confidential contract terms would provide third parties with information to which they normally

would not be privy. Since ESC and Insomniac are private companies, there does not appear to be a strong public interest to this information that would override contractual obligations between two private companies. Additionally, protecting the nonpublic information described above outweighs public interest in access to this litigation's records.

    The request for sealing is narrowly tailored and articulates compelling reasons to support its Application. ESC is only seeking to seal certain portions of its Motion to Dismiss Opposition and Rule 41(d) Opposition that discuss the terms of the two contracts.

    Accordingly, it is hereby requested that the Court grant ESC's motion to seal further portions and order (1) that the requested further portions of Oppositions are sealed; (2) that the current publicly viewable version of the Oppositions (ECF No. 59 Attachments 1 and 2) is sealed; (3) that the redacted version of the Motion to Dismiss Opposition be maintained as the publicly viewable version; and (4) that the redacted version of the Rule 41(d) Opposition be maintained as the publicly viewable version.

DATED: July 16, 2021        MASCHOFF BRENNAN

                                By: */s/ Robert Stewart*
                                    Sterling A. Brennan
                                    David R. Wright
                                    Robert T. Stewart
                                    Maren Laurence
                                    Attorneys for Plaintiff ESC-Toy Ltd.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed and served electronically in compliance with Federal Rule of Civil Procedure Rule 5 and Local Rule 5-3.2. As such, this document was served on all counsel who have consented to electronic service on the date of filing.

Dated: July 16, 2021                          By: /s/ *Robert Stewart*
                                                     Robert T. Stewart