RIMON, P.C.
Karineh Khachatourian (SBN 202634)
karinehk@rimonlaw.com
Nikolaus A. Woloszczuk (SBN 286633)
nikolaus.woloszczuk@rimonlaw.com
Oren J. Torten (SBN 332720)
oren.torten@rimonlaw.com
2445 Faber Place, Suite 250
Palo Alto, California 94303
Telephone: 650.461.4433
Facsimile: 650.461.4433

Attorneys for Defendant,
Insomniac Games, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| ESC-TOY LTD., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>INSOMNIAC GAMES, INC., a California corporation,<br><br>Defendant. | Case No. 2:21-CV-02139-JVS-GJS<br><br>**DEFENDANT INSOMNIAC GAMES, INC'S RESPONSE TO FOLEY & LARDNER'S REQUEST TO WITHDRAW DKT. NO. 156**<br><br>The Hon. James V. Selna<br><br>Complaint filed: 03/09/2021<br>FAC: 08/02/2021<br>SAC: 10/08/2021 |

Plaintiff ESC Toys Ltd.'s ("ESC") attorneys at the law firm Foley & Lardner have requested this Court's permission to withdraw as counsel of record. Dkt. No. 156. Defendant Insomniac Games, Inc. ("Insomniac") does not oppose the withdrawal, but respectfully requests that this Court place certain conditions on withdrawal to ensure that Insomniac will not suffer prejudice.

Insomniac requested during meet and confer that Foley & Lardner agree that (1) it would abide by this Court's sealing orders; (2) agree to maintain the confidentiality of Insomniac's information and (3) that this Court would retain ancillary jurisdiction over the Foley & Lardner attorneys for purposes of fees, costs and any other appropriate remedies. These conditions are necessary to protect Insomniac because (1) these specific Foley & Lardner attorneys filed a predecessor case to this action first in the United States District Court for the District of Nevada while at the law firm Maschoff Brennan and filed the present action in this Court before leaving for Foley & Lardner and continuing to litigate the case; and (2) these attorneys also participated in mediation of this matter and have had access to Insomniac's confidential information without the benefit of a protective order. As part of its representation at the mediation, Insomniac and the Foley & Lardner attorneys stipulated to a confidentiality agreement as counsel for ESC. Prior to filing its request, Foley & Lardner agreed in principle during meet and confer that the Court could condition its withdrawal on retaining ancillary jurisdiction for the remainder of the case for the purposes of any motion(s) brought by Insomniac for fees, costs, or other appropriate remedies or sanctions.

Whether to permit attorney withdrawal is left to the sound discretion of this Court. *Thanh v. Tran*, No. SACV1700953JVSKESX, 2019 WL 4565179, at *1 (C.D. Cal. Feb. 27, 2019). And courts in this District routinely place conditions on attorney withdrawal, including the retention of ancillary jurisdiction. *See, e.g.*, *Laux v. Mentor Worldwide LLC*, No. 216CV01026ODWAGRX, 2017 WL 11448353, at *2 (C.D. Cal. Mar. 2, 2017) ("The Ninth Circuit has held that the district court may

retain jurisdiction over a withdrawing attorney to adjudicate a Rule 11 motion.") (citing *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005)); *see also Dolores Press, Inc. v. Robinson*, No. CV1502562PAPLAX, 2020 WL 6536300, at *2 (C.D. Cal. June 25, 2020).  Further, "'[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.'" *United States v. Kinetic Concepts, Inc.*, No. CV0801885BROAGRX, 2017 WL 8948062, at *4 (C.D. Cal. Aug. 21, 2017) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1136 (9th Cir. 2001)).

In view of Foley & Lardner's prior representation that they did not oppose remaining subject to this Court's jurisdiction and to avoid undue prejudice to Defendant, Insomniac requests that Foley & Lardner's withdrawal be conditioned upon this Court's express retention of ancillary jurisdiction over each of the withdrawing attorneys for the purposes of any motion(s) brought by Insomniac for fees, costs, and/or other appropriate remedies or sanctions, compliance with this Court's sealing orders (Dkt. Nos. 15, 27, 38, 53, 62, 69, 74, 85, 88, 97, 104, 110, 116, 124, 129, 135, 139, 143, and 150), and the Nevada Court's sealing order (*ESC Toy Ltd. v. Sony Interactive Entertainment LLC and Insomniac Games, Inc.*, Case No. 2:20-cv-00726-GMN-VC (D. Nev.) Dkt. No. 70).  The Foley & Lardner attorneys should also maintain any Insomniac information it has had access to, as a result of its representation of ESC, as confidential and deemed subject to the terms of the parties' October 5, 2020 confidentiality agreement for settlement discussions and the September 21, 2021 Judicate West mediation agreement, which shall survive termination of this Action.

| | | |
|---|---|---|
| 1 | Dated: April 6, 2022 | Respectfully submitted, |
| 2 | | RIMON, P.C. |
| 3 | | |
| 4 | | By: */s/ Karineh Khachatourian* |
| 5 | | Karineh Khachatourian |
| 6 | | Nikolaus A. Woloszczuk |
| | | Oren J. Torten |
| 7 | | |
| 8 | | Attorneys for Defendant, |
| | | Insomniac Games, Inc. |