1
2
3
4
5
6
7

8            **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10
11

12   ESC-TOY LTD., a Nevada corporation,   |   Case No. 2:21-CV-02139-JVS-GJS

13                  Plaintiff,              |   **STIPULATED PROTECTIVE ORDER**[1]

14            v.

15   INSOMNIAC GAMES, INC., a
     California corporation,

16
                  Defendant.

17

18
19
20
21
22
23
24
25
26

27   _____

     [1] This Stipulated Protective Order is substantially based on the model protective
28   order provided under Magistrate Judge Gail J. Standish's Procedures.

1.      A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B. GOOD CAUSE STATEMENT

This action is likely to involve commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated

1   without a good faith belief that it has been maintained in a confidential, non-public

2   manner, and there is good cause why it should not be part of the public record of this

3   case.

4   C. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL

5   The parties further acknowledge, as set forth in Section 12.3, below, that this

6   Stipulated Protective Order does not entitle them to file confidential information

7   under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed

8   and the standards that will be applied when a party seeks permission from the court

9   to file material under seal.

10   There is a strong presumption that the public has a right of access to judicial

11   proceedings and records in civil cases.  In connection with non-dispositive motions,

12   good cause must be shown to support a filing under seal.  *See Kamakana v. City and*

13   *County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors*

14   *Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics,*

15   *Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders

16   require good cause showing), and a specific showing of good cause or compelling

17   reasons with proper evidentiary support and legal justification, must be made with

18   respect to Protected Material that a party seeks to file under seal.  The parties' mere

19   designation of Disclosure or Discovery Material as CONFIDENTIAL does not—

20   without the submission of competent evidence by declaration, establishing that the

21   material sought to be filed under seal qualifies as confidential, privileged, or

22   otherwise protectable—constitute good cause.

23   Further, if a party requests sealing related to a dispositive motion or trial, then

24   compelling reasons, not only good cause, for the sealing must be shown, and the

25   relief sought shall be narrowly tailored to serve the specific interest to be protected.

26   *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For

27   each item or type of information, document, or thing sought to be filed or introduced

28   under seal in connection with a dispositive motion or trial, the party seeking

1   protection must articulate compelling reasons, supported by specific facts and legal
2   justification, for the requested sealing order.  Again, competent evidence supporting
3   the application to file documents under seal must be provided by declaration.

4          Any document that is not confidential, privileged, or otherwise protectable in
5   its entirety will not be filed under seal if the confidential portions can be redacted.
6   If documents can be redacted, then a redacted version for public viewing, omitting
7   only the confidential, privileged, or otherwise protectable portions of the document,
8   shall be filed.  Any application that seeks to file documents under seal in their
9   entirety should include an explanation of why redaction is not feasible.

10  2.     DEFINITIONS

11         2.1     Action: The above captioned pending federal lawsuit.

12         2.2     Challenging Party:  a Party or Non-Party that challenges the
13  designation of information or items under this Order.

14         2.3     "CONFIDENTIAL" Information or Items:  information (regardless of
15  how it is generated, stored or maintained) or tangible things that qualify for
16  protection under Federal Rule of Civil Procedure 26(c), and as specified above in
17  the Good Cause Statement.

18         2.4     Counsel:  Outside Counsel of Record and House Counsel (as well as
19  their support staff).

20         2.5     Designating Party:  a Party or Non-Party that designates information or
21  items that it produces in disclosures or in responses to discovery as
22  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
23  ONLY."

24         2.6     Disclosure or Discovery Material:  all items or information, regardless
25  of the medium or manner in which it is generated, stored, or maintained (including,
26  among other things, testimony, transcripts, and tangible things), that are produced or
27  generated in disclosures or responses to discovery in this matter.

28         2.7     Expert:  a person with specialized knowledge or experience in a matter

pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party's competitor or of a Party, and (3) at the time of retention, is not anticipated to become an employee of a Party's competitor or of a Party.

2.8   <u>House Counsel</u>:  attorneys who are employees of a Party to this Action, or employees of a Party's corporate parent.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   <u>Non-Party</u>:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this action.

2.10   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.11   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.12   <u>Party</u>:  any party to this Action, including all of its current officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13   <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14   <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL—

1  ATTORNEYS' EYES ONLY."

2      2.16   Receiving Party: a Party that receives Disclosure or Discovery Material

3  from a Producing Party.

4  3.   SCOPE

5      The protections conferred by this Stipulation and Order cover not only

6  Protected Material (as defined above), but also (1) any information copied or

7  extracted from Protected Material; (2) all copies, excerpts, summaries, or

8  compilations of Protected Material; and (3) any testimony, conversations, or

9  presentations by Parties or their Counsel that might reveal Protected Material.

10     Any use of Protected Material at trial shall be governed by the orders of the

11 trial judge.  This Order does not govern the use of Protected Material at trial.

12 4.   DURATION

13     FINAL DISPOSITION of the action is defined as the conclusion of any

14 appellate proceedings, or, if no appeal is taken, when the time for filing of an appeal

15 has run.  Except as set forth below, the terms of this protective order apply through

16 FINAL DISPOSITION of the action.  The parties may stipulate that they will be

17 contractually bound by the terms of this agreement beyond FINAL DISPOSITION,

18 but will have to file a separate action for enforcement of the agreement once all

19 proceedings in this case are complete.

20     Once a case proceeds to trial, information that was designated as

21 CONFIDENTIAL or maintained pursuant to this protective order used or introduced

22 as an exhibit at trial becomes public and will be presumptively available to all

23 members of the public, including the press, unless compelling reasons supported by

24 specific factual findings to proceed otherwise are made to the trial judge in advance

25 of the trial.  *See Kamakana*, 447 f.3d at 1180-81 (distinguishing "good cause"

26 showing for sealing documents produced in discovery from "compelling reasons"

27 standard when merits-related documents are part of court record).  accordingly, for

28 such materials, the terms of this protective order do not extend beyond the

commencement of the trial.

5.      DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection.
Each Party or Non-Party that designates information or items for protection under
this Order must take care to limit any such designation to specific material that
qualifies under the appropriate standards.  Unless in good faith it is not feasible or
would otherwise be an undue burden, the Designating Party must designate for
protection only those parts of material, documents, items or oral or written
communications that qualify so that other portions of the material, documents, items
or communications for which protection is not warranted are not swept unjustifiably
within the ambit of this Order.

        Mass, indiscriminate or routinized designations are prohibited.  Designations
that are shown to be clearly unjustified or that have been made for an improper
purpose (e.g., to unnecessarily encumber the case development process or to impose
unnecessary expenses and burdens on other parties) may expose the Designating
Party to sanctions.

        If it comes to a Designating Party's attention that information or items that it
designated for protection do not qualify for protection, that Designating Party must
promptly notify all other Parties that it is withdrawing the inapplicable designation.

        5.2     Manner and Timing of Designations.  Except as otherwise provided in
this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
under this Order must be clearly so designated before the material is disclosed or
produced.

        Designation in conformity with this Order requires:

        (a)  for information in documentary form (e.g., paper or electronic documents,
but excluding transcripts of depositions or other pretrial or trial proceedings), that
the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or

1   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" to each page that
2   contains protected material. If only a portion of the material on a page qualifies for
3   protection, the Producing Party also must clearly identify the protected portion(s)
4   (e.g., by making appropriate markings in the margins).

5         A Party or Non-Party that makes original documents available for inspection
6   need not designate them for protection until after the inspecting Party has indicated
7   which documents it would like copied and produced.  During the inspection and
8   before the designation, all of the material made available for inspection shall be
9   deemed "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the
10  inspecting Party has identified the documents it wants copied and produced, the
11  Producing Party must determine which documents, or portions thereof, qualify for
12  protection under this Order.  Then, before producing the specified documents, the
13  Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
14  "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY") to each page that
15  contains Protected Material.  If only a portion of the material on a page qualifies for
16  protection, the Producing Party also must clearly identify the protected portion(s)
17  (e.g., by making appropriate markings in the margins).

18        (b)  for testimony given in depositions that the Designating Party identifies
19  the Disclosure or Discovery Material on the record, before the close of the
20  deposition all protected testimony.

21        (c)  for information produced in some form other than documentary and for
22  any other tangible items, that the Producing Party affix in a prominent place on the
23  exterior of the container or containers in which the information is stored the legend
24  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES
25  ONLY."  If only a portion or portions of the information warrants protection, the
26  Producing Party, to the extent practicable, shall identify the protected portion(s).

27        5.3   <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent
28  failure to designate qualified information or items does not, standing alone, waive

the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

6.3     The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons

1   authorized under this Order.

2       7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless

3   otherwise ordered by the court or permitted in writing by the Designating Party, a

4   Receiving Party may disclose any information or item designated

5   "CONFIDENTIAL" only to:

6       (a)  the Receiving Party's Outside Counsel of Record in this Action, as well

7   as employees of said Outside Counsel of Record to whom it is reasonably necessary

8   to disclose the information for this Action;

9       (b)  the officers, directors, and employees (including House Counsel) of the

10  Receiving Party to whom disclosure is reasonably necessary for this Action; and

11  who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

12      (c)  Experts (as defined in this Order) of the Receiving Party to whom

13  disclosure is reasonably necessary for this Action and who have signed the

14  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15      (d)  the court and its personnel;

16      (e)  court reporters and their staff;

17      (f)  professional jury or trial consultants, mock jurors, and Professional

18  Vendors to whom disclosure is reasonably necessary for this Action and who have

19  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

20      (g)  the author or recipient of a document containing the information or a

21  custodian or other person who otherwise possessed or knew the information;

22      (h)  during their depositions, witnesses, and attorneys for witnesses, in the

23  Action to whom disclosure is reasonably necessary provided: (1) the deposing party

24  requests that the witness sign the form attached as Exhibit A hereto; and (2) they

25  will not be permitted to keep any confidential information unless they sign the

26  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

27  agreed by the Designating Party or ordered by the court.  Pages of transcribed

28  deposition testimony or exhibits to depositions that reveal Protected Material may

1   be separately bound by the court reporter and may not be disclosed to anyone except

2   as permitted under this Stipulated Protective Order.

3         7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

4   ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

5   writing by the Designating Party, a Receiving Party may disclose any information or

6   item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only

7   to:

8         (a) the Receiving Party's Outside Counsel of Record in this action, as well as

9   employees of said Outside Counsel of Record to whom it is reasonably necessary to

10   disclose the information for this litigation.  Outside Counsel of Record and

11   employees of Outside Counsel of Record in this action hereby agree to abide by the

12   terms of this Protective Order;

13         (b) House Counsel of the Receiving Party to whom disclosure is reasonably

14   necessary for this litigation and who has signed the "Acknowledgment and

15   Agreement to Be Bound" (Exhibit A).

16         (c) Experts of the Receiving Party (1) to whom disclosure is reasonably

17   necessary for this litigation, (2) who have signed the "Acknowledgment and

18   Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

19   paragraph 7.4(a)(1), below, have been followed;

20         (d) the court and its personnel, mutually;

21         (e) court reporters and their staff, professional jury or trial consultants, mock

22   jurors, and Professional Vendors to whom disclosure is reasonably necessary for this

23   litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

24   (Exhibit A); and

25         (g) Persons who appear on the face of the Protected Material as an author,

26   addressee, or recipient of the document, and who have signed the "Acknowledgment

27   and Agreement to Be Bound" (Exhibit A).

28         7.4 Procedures for Approving or Objecting to Disclosure of "HIGHLY

1  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to
2  Experts.

3      (a)(1) Unless otherwise ordered by the court or agreed to in writing by the
4  Designating Party, a Party that seeks to disclose to an Expert (as defined in this
5  Order) any information or item that has been designated "HIGHLY
6  CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)
7  first must make a written request to the Designating Party that (1) sets forth the full
8  name of the Expert and the city and state of his or her primary residence, (2)
9  attaches a copy of the Expert's current resume, (3) identifies the Expert's current
10 employer(s), (4) identifies each person or entity from whom the Expert has received
11 compensation or funding for work in his or her areas of expertise or to whom the
12 expert has provided professional services, including in connection with a litigation,
13 at any time during the preceding five years, and (5) identifies (by name and number
14 of the case, filing date, and location of court) any litigation in connection with which
15 the Expert has offered expert testimony, including through a declaration, report, or
16 testimony at a deposition or trial, during the preceding five years.

17     (b) A Party that makes a request and provides the information specified in the
18 preceding respective paragraphs may disclose the subject Protected Material to the
19 identified Expert unless, within 5 days of delivering the request, the Party receives a
20 written objection from the Designating Party. Any such objection must set forth in
21 detail the grounds on which it is based.

22     (c) A Party that receives a timely written objection must meet and confer with
23 the Designating Party (through direct voice to voice dialogue) to try to resolve the
24 matter by agreement within seven days of the written objection. If no agreement is
25 reached, the Party seeking to prohibit the disclosure to the Expert or the Party
26 seeking the disclosure may bring the matter before the Court in a manner prescribed
27 by the Court.

28     In any such proceeding, the Party opposing disclosure to the Expert shall bear

1  the burden of proving that the risk of harm that the disclosure would entail (under
2  the safeguards proposed) outweighs the Receiving Party's need to disclose the
3  Protected Material to its  Expert.

4       If during the pendency of this matter, the Expert becomes employed or
5  engaged by a competitor to the Parties to this action, the Party retaining such Expert
6  will promptly notify Outside Counsel for the Producing Party of such employment
7  or engagement. The Expert will cease reviewing any Protected Material until all
8  Parties in the action have been advised and either all Parties consent to the Expert
9  continuing to have access to any Protected Material in this matter or as otherwise
10  ordered by the Court.

11       No Party will be deemed to have waived any privilege or protection from
12  disclosure by disclosing, pursuant to section 7.4, the name of an expert or consultant
13  for whom Rule 26(a)(2)(B) disclosures are not made, and to whom the Party intends
14  to show Protected Material. No expert or consultant disclosed pursuant to section
15  7.4 for whom Rule 26(a)(2)(B) disclosures are not made shall be subject to a
16  deposition in connection with this case or any related litigation based solely on the
17  fact that he or she was the subject of such disclosure. No expert or consultant
18  disclosed pursuant to section 7.4 for whom Rule 26(a)(2)(B) disclosures are not
19  made shall be subpoenaed for testimony or for documents in connection with any
20  discovery or any hearing, proceeding, or trial of this case or of any related litigation
21  based solely on the fact that he or she was the subject of such disclosure.

22  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
23        IN OTHER LITIGATION

24       If a Party is served with a subpoena or a court order issued in other litigation
25  that compels disclosure of any information or items designated in this Action as
26  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
27  ONLY" that Party must:

28       (a)  promptly notify in writing the Designating Party. Such notification shall

1   include a copy of the subpoena or court order;

2       (b)  promptly notify in writing the party who caused the subpoena or order to

3   issue in the other litigation that some or all of the material covered by the subpoena

4   or order is subject to this Protective Order. Such notification shall include a copy of

5   this Stipulated Protective Order; and

6       (c)  cooperate with respect to all reasonable procedures sought to be pursued

7   by the Designating Party whose Protected Material may be affected.

8       If the Designating Party timely seeks a protective order, the Party served with

9   the subpoena or court order shall not produce any information designated in this

10  action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

11  EYES ONLY" before a determination by the court from which the subpoena or

12  order issued, unless the Party has obtained the Designating Party's permission.  The

13  Designating Party shall bear the burden and expense of seeking protection in that

14  court of its confidential material and nothing in these provisions should be construed

15  as authorizing or encouraging a Receiving Party in this Action to disobey a lawful

16  directive from another court.

17  9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

18        PRODUCED IN THIS LITIGATION

19      (a)  The terms of this Order are applicable to information produced by a Non-

20  Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY

21  CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by

22  Non-Parties in connection with this litigation is protected by the remedies and relief

23  provided by this Order.  Nothing in these provisions should be construed as

24  prohibiting a Non-Party from seeking additional protections.

25      (b)  In the event that a Party is required, by a valid discovery request, to

26  produce a Non-Party's confidential information in its possession, and the Party is

27  subject to an agreement with the Non-Party not to produce the Non-Party's

28  confidential information, then the Party shall:

1      (1)  promptly notify in writing the Requesting Party and the Non-Party that

2  some or all of the information requested is subject to a confidentiality agreement

3  with a Non-Party;

4      (2)  promptly provide the Non-Party with a copy of the Stipulated Protective

5  Order in this Action, the relevant discovery request(s), and a reasonably specific

6  description of the information requested; and

7      (3)  make the information requested available for inspection by the Non-

8  Party, if requested.

9      (c)  If the Non-Party fails to object or seek a protective order from this court

10  within 14 days of receiving the notice and accompanying information, the Receiving

11  Party may produce the Non-Party's confidential information responsive to the

12  discovery request. If the Non-Party timely seeks a protective order, the Receiving

13  Party shall not produce any information in its possession or control that is subject to

14  the confidentiality agreement with the Non-Party before a determination by the

15  court. Absent a court order to the contrary, the Non-Party shall bear the burden and

16  expense of seeking protection in this court of its Protected Material.

17  10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

18      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

19  Protected Material to any person or in any circumstance not authorized under this

20  Stipulated Protective Order, the Receiving Party must immediately (a) notify in

21  writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

22  to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

23  persons to whom unauthorized disclosures were made of all the terms of this Order,

24  and (d) request such person or persons to execute the "Acknowledgment and

25  Agreement to Be Bound" that is attached hereto as Exhibit A.

26  11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

27         PROTECTED MATERIAL

28      When a Producing Party gives notice to Receiving Parties that certain

inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.   MISCELLANEOUS

12.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3   Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

## 13.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party (including experts) must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies,

abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material; and (3) affirms that the Receiving Party's outside counsel has not retained any copies of the Producing Party's designated document production.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.   <u>VIOLATION</u>

Any violation of this Order may be punished by appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated:  September 15, 2022                    KXT Law, LLP

                                    By:   */s/ Karineh Khachatourian\**
                                          Karineh Khachatourian
                                          Oren J. Torten

                                          Attorneys for Defendant Insomniac Games, Inc.

Dated:  September 15, 2022                    MASCHOFF BRENNAN GILMORE & ISRAELSEN

                                    By:   */s/Charles J. Veverka*
                                          Charles J. Veverka

                                          Attorney for Plaintiff ESC-Toy Ltd.


PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:_____September 16, 2022_____

_____

HON. GAIL J. STANDISH
United States Magistrate Judge


*Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer of this Stipulation attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of ESC-Toy Ltd v. Insomniac Games, Inc.; Case No. 2:21-CV-

02139-JVS-GJS. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.  I further agree to submit to the

jurisdiction of the United States District Court for the Central District of California

for enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action.  I hereby appoint

_____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____

Signature: _____